## Case No. 13,607.

### In re SUMNER.

[10 Ben. 34.] [1]

District Court, N. D. New York. June, 1878.

BANKRUPTCY — DISCHARGE — FORMER DECREE — CONVEYANCE IN FRAUD OF CREDITORS— PROVISION FOR WIFE.

1. A creditor of a bankrupt opposed his discharge, on the ground that he had made a conveyance of real estate to his wife, with intent to hinder, delay and defraud creditors, and introduced, as evidence, the record of a decree in a suit in a state court, between such creditor, as plaintiff, and defendants, of whom the bankrupt was one, declaring such conveyance void, as against the plaintiff, as made with intent to hinder, delay and defraud creditors: *Held*, that such decree was not conclusive, as an adjudication between the same parties, establishing the fraudulent character of the conveyance.

2. The conveyance was held by this court, on the facts, to have been made with intent to make a provision for his wife, in fraud of his creditors.

[In the matter of Charles Sumner, a bankrupt.]

M. W. Cooke, for bankrupt.

J. Van Voorhes, for Bump.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

WALLACE, District Judge. Bump, a creditor of the bankrupt, opposes his discharge, upon the ground that the bankrupt, on the 12th of June, 1873, made a conveyance of real estate to his wife, with intent to hinder, delay and defraud creditors. The specifications set up other grounds of opposition to the discharge, which the proofs do not sustain.

The opposing creditor produces the record of a decree in an action in the supreme court of this state, wherein he was plaintiff, and the bankrupt was one of the defendants, whereby the conveyance to the bankrupt's wife is declared void, as against the plaintiff, as made with intent to hinder, delay and defraud creditors; and he now insists that this decree is conclusive here, as an adjudication between the same parties, establishing the fraudulent character of the conveyance.

I am of opinion that no such effect can be given to the decree, for the reason that the parties and the subject matter are not the same in this controversy as in the action in which the judgment was rendered, within the meaning of the rule which pronounces a judgment conclusive as evidence between the same parties, upon the same matter, directly in issue in another court. In this proceeding, all the creditors of the bankrupt are parties in interest, and, although the opposition to the discharge is directly upon the intervention of Bump alone, the result affects all the creditors of the bankrupt. If the former action had resulted in favor of the bankrupt, the judgment, surely, would not be conclusive in his favor against any creditor other than Bump who might oppose a discharge, on the ground that the conveyance in question was fraudulent. The judgment against the bankrupt, therefore, would not be conclusive in favor of such creditor. Yet, in effect, such would be the result, if the judgment operates as is now contended. If the judgment had been in favor of some other creditor, Bump could not avail himself of it here. If it had been in favor of the bankrupt and against such creditor, it would not conclude Bump here.

Again, the right now sought to be determined is one quite collateral to that which was the subject of the former action, and depends upon different considerations. A conveyance may be fraudulent as to one creditor and not fraudulent as to another; and it would be necessary for this court to examine the evidence and consider the case, before it could determine whether or not the transaction pronounced fraudulent by the judgment is one which this court would deem fraudulent for the purpose of a discharge in bankrupt; and it would be a most illogical deduction to say that such a judgment is conclusive if this court is satisfied with its correctness, while unconclusive if not satisfactory. If the judgment had been in favor of the bankrupt, Bump could still

be heard to say that the bankrupt had made a conveyance which deprives him of the right to a discharge; and, as he would not be estopped in that case, the bankrupt is not estopped now because the judgment was adverse to him.

Passing to the case upon its merits, as shown by the proofs, I am constrained to differ from the register, and am of opinion that the conveyance from the bankrupt to his wife was fraudulent as to creditors.

Without attempting to discuss the evidence, it must suffice that it has impressed me with the conviction that the bankrupt's circumstances were not such, at the time of the conveyance, as to render the transaction one consistent with an honest purpose towards his creditors. If he is to be believed, he was possessed of means to pay the obligations on which he was primarily liable, and have an ample surplus. But he had assumed liabilities for a large amount, as the surety of others; his property, which was mainly in real estate, bought upon speculation, was considerably encumbered, and the value of his interests was mainly represented by the general rise in the value of real estate since his purchases, which were all of recent date. His homestead, which he proposed to settle on his wife, and which he estimated as worth from $25,000 to $30,000, at the time of the conveyance, was mortgaged for $12,000, being within $2,000 of what it had cost him; and this circumstance affords a fair and significant exhibit of his financial status generally. The transfer of other real estate to his son, without any substantial consideration; the delay intervening between the time when he divested himself of title to the real estate and the transfer to his wife, and the delay in recording the conveyance; and the intimate business relations between Brewer, for whom he was surety, and who soon failed, and himself, all tend to throw some light on his intent in the transaction, which was, in my view, to provide for his wife and son against contingencies which he perhaps did not regard as serious, but which he foresaw as possible in the near future.

A discharge is denied.